IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00342-WDM-CBS

EARLY SUCCESS ACADEMY, INC., a Colorado Corporation,
DIANA GADISON, and
HARRY SMITH,

    Plaintiffs,

v.

NATIONAL CONVENIENCE STORES, INC., a Delaware Corporation,
CIRCLE K STORES, INC., a Texas Corporation,
GRAMERCY ENTERPRISES, INC., a California Corporation,
GEHAD A. ABUAGINA, and
NIMER ABU AJIENA.

    Defendants.

_____

**ORDER ON MOTION TO TRANSFER**
_____

Miller, J.

This matter is before me on motion of Defendant Circle K Stores, Inc. ("Circle K") to transfer venue to the Bankruptcy Court for the United States District Court for the District of Arizona ("Arizona Bankruptcy Court"), or in the alternative to the Bankruptcy Court for the United States District Court for the District of Colorado ("Colorado Bankruptcy Court").  In the alternative to transfer of the entire case, Circle K has requested transfer of the claims and cross-claims against it to either the Arizona Bankruptcy Court or the Colorado Bankruptcy Court.[1]  Plaintiffs, as well as Defendants National Convenience Stores, Inc. ("NCS"), Gramercy Enterprises, Inc., and Gehad A.

---

[1] I note that the cross-claims referred to have subsequently been voluntarily dismissed.

Abuagina oppose the motion. For the following reasons, the motion to transfer is denied.

## Background

This case arises out of an alleged gasoline leak at 14125 East 52nd Avenue in Denver, Colorado (the "Gas Station Property"). Plaintiffs, owners of land near the Gas Station Property, complain that the leak has contaminated their properties. They have made claims of trespass, nuisance, negligence, negligence per se, negligent infliction of emotional distress, and extreme and outrageous conduct against various parties alleged to have owned or operated the Gas Station Property during the time of the gas leak.

Plaintiffs claim that Defendant Circle K "operated a gasoline station on the Gas Station Property from at least the mid-1980's until the early 1990's." (Am. Compl., Mar. 30, 2006, Docket No. 22 at 2) In 1991, Circle K's lease of the Gas Station Property was discharged in bankruptcy proceedings before the Arizona Bankruptcy Court. *In Re* Circle K Corp., Case Nos. 90-5052 PHX-GBN to 90-5075 PHX-GBN, Aug. 20, 1991 (attached as Ex. 3 to Circle K's Mem. of Law, Aug. 14, 2006, Docket No. 76) at 1. As a result of those proceedings, Circle K entered a settlement agreement with, *inter alia*, the State of Colorado, providing, in part, certain funds to regulatory agencies to provide environmental remediation as needed at any of the discharged lease sites. This settlement was confirmed by the Arizona Bankruptcy Court on June 29, 1993, and a permanent injunction against all claims for environmental liabilities on the discharged lease sites was issued. *In Re* Circle K Corp., Case Nos. 90-5052 PHX-GBN to 90-5075 PHX-GBN, May 13, 1993 (attached as Ex. 6 to Circle K's Mem. of Law, Aug. 14, 2006,

Docket No. 76) at 2-4.

Circle K seeks seeking transfer pursuant to 28 U.S.C. §§ 1404(a) and 1412, as well as Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure.

## Discussion

### A. Transfer pursuant to 28 U.S.C. § 1404(a)

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Motions to transfer pursuant to § 1404(a) should be determined according to an "individualized, case-by-case consideration of convenience and fairness," *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)) with "[t]he party moving to transfer a case pursuant to § 1404(a) bear[ing] the burden of establishing that the exisiting forum is inconvenient." *Id.* at 1515. Among the factors a district court should consider are the following:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

Circle K asserts in a conclusory fashion that "the interests of judicial economy, justice, consistency in rulings, and convenience of the parties" would best be served by

3

transfer of the case or claims. (Circle K's Motion at 3) However, after considering all of the factors as laid out in *Chrysler Credit Corp.*, I do not find that the concerns identified by Circle K are substantial enough to override the Plaintiffs' choice of forum. My analysis of the most relevant factors is as follows:

First, as Circle K concedes, the Plaintiffs' choice of forum is to be given deference (Circle K's Mem. of Law at 6) and thus weighs against transfer.[2] Second, the accessibility of witnesses and other sources of proof also weighs against transfer. As evident from the pleadings, the vast majority of witnesses and other sources of proof are located in Colorado. The Plaintiffs and Defendant Abuagina are Colorado residents. It is also undisputed that other key witnesses could include: "employees of the Colorado Division of Oil and Public Safety . . . and current and former employees and customers of the market located on this property and the nearby daycare facility," (Abuagina's Resp. Br., Sept. 8, 2006, Docket No. 95 at 2) as well as "current and former employees of the daycare facility [and] current and former customers of the daycare facility." (NCS's Resp. Br., Sept. 5, 2006, Docket No. 92 at 7) Circle K does not dispute that most of these people are located in Colorado. Further, all properties involved in the case are located in Colorado.[3]

Third, in considering the relative advantages and obstacles to a fair trial as well as the advantages of a local court determining local law, I note that Plaintiffs' claims in

---

[2] I note that Plaintiffs' original choice of forum was actually the District Court for the City and County of Denver, and that Circle K subsequently had the matter removed to this Court. However, as Circle K has conceded this point, it warrants no further discussion.

[3] As to Defendant Circle K's alternate request for transfer to the Colorado Bankruptcy Court, I note that while the witnesses and other sources of proof may be more accessible to the Colorado Bankruptcy Court than the Arizona Bankruptcy Court, they are no more accessible than they would be to this Court.

this case arise under Colorado state tort law. There is no reason to believe that either the Arizona or Colorado Bankruptcy Court would possess any greater expertise than the present Court in this area of the law.

It should further be noted that § 1404(a) also contains the requirement that jurisdiction in the transferee district is appropriate. Because Circle K has failed to meet its burden regarding the first part of the standard, it is unnecessary for the Court to reach this issue.

As Circle K has failed to establish that the current forum is inconvenient, transfer of venue under § 1404(a) is inappropriate. *See Chrysler Credit Corp.* at 1515. Alternatively, Circle K asks that only the claims against it be transferred. As the considerations applicable to the case as a whole are equally applicable to the claims against Circle K, transfer of just those claims is also inappropriate under § 1404(a).

B. Transfer pursuant to 28 U.S.C. § 1412

Circle K has also requested transfer pursuant to § 1412. Section 1412 provides: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." As several of the parties have noted, there is a split among courts as to whether § 1404(a) or § 1412 governs the transfer of a case or claim from a district court to a bankruptcy court. (*See* Circle K's Mem. of Law at 9; NCS's Resp. Br. at 13; and Pls.' Resp. Br., Docket No. 96, Sept. 15, 2006, at 6-7) Resolution of this issue, however, is unnecessary as transfer under either standard would be unwarranted. First, several parties, including Circle K, contend that the standards for transfer under §1404(a) and

§ 1412 are "generally the same." (Circle K's Mem. of Law at 9; *see also* NCS's Resp. Br. at 12-13; and Pls.' Resp. Br. at 9)  Second, and more importantly, no party contends that Circle K's burden would be easier under § 1412 than under § 1404(a).  Hence, transfer under § 1412 would also be inappropriate.

C. Transfer pursuant to Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure

Finally, Defendant Circle K seeks a transfer pursuant to Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure.  Rule 1014(a)(1) states that a case "may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties."  Assuming without deciding that this Rule applies, Circle K has failed to establish that transfer would be either "in the interest of justice" or "convenien[t] for the parties."

Accordingly, it is ordered that Defendant Circle K's motion to transfer, filed on Aug. 14, 2006 (Docket No. 75) is denied.

DATED at Denver, Colorado, on February 5, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge