IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00342-WDM-CBS

EARLY SUCCESS ACADEMY, INC., a Colorado Corporation,
DIANA GADISON, individually, and
HARRY SMITH, JR., individually,

      Plaintiffs,

v.

NATIONAL CONVENIENCE STORES, INC. a Delaware Corporation,
CIRCLE K STORES, INC., a Texas Corporation,
GRAMERCY ENTERPRISES, INC., a California Corporation,
GEHAD A. ABUAGINA, individually, and
NIMER ABU AJIENA, individually,

      Defendants.

## ORDER ON MOTION TO STRIKE

Miller, J.

This matter is before me on a motion to strike that was filed on November 2, 2006, by Defendant National Convenience Stores, Inc. ("NCS"), and joined on November 6, 2006, by Defendant Gramercy Enterprises, Inc. ("Gramercy"). For the reasons discussed below, this motion will be denied.

The scheduling order in this case established a deadline of August 14, 2006, for amending all pleadings. (Scheduling Order, Docket No. 62, at 17.) On the day of this deadline, Gramercy moved to amend its Answer so that it could assert cross-claims against Defendant Gehad A. Abuagina ("Abuagina").[1] Gramercy's motion was granted

---

[1] Gramercy's original answer had only asserted cross-claims against Defendants NCS and Circle K Stores, Inc. In its motion to amend, Gramercy sought leave to assert

on September 28, 2006 (Courtroom Minutes/Minute Order, Docket No. 103.), and Abuagina accordingly filed his Answer to Gramercy's Cross-Claims on October 17, 2006. (Answer to Cross-Claims, Docket No. 114.) In this Answer to Cross-Claims, however, Abuagina included cross-claims of his own, not only against Gramercy, but also against NCS.

Gramercy and NCS argue that Abuagina's new cross-claims should be stricken as untimely amendments to the pleadings in violation of the scheduling order. I disagree. The scheduling order merely set a deadline for amendments to pleadings. However, in answering the new cross-claims against him, Abuagina was not amending his previous pleading (his Answer to Plaintiff's Complaint) at all; he was filing an entirely new pleading. *See* Fed. R. Civ. P. 7(a) (listing an answer, and an answer to a cross-claim as separate pleadings). Further, the plain text of Rule 13(g) provides that "[a] pleading may state as a cross-claim *any* claim by one party against a co-party . . . ." (emphasis added). Therefore, the motion to strike will be denied.

Accordingly, it is ordered that the motion to strike filed by Defendant National Convenience Stores, Inc. on November 2, 2006 (Docket No. 118), and joined by Defendant Gramercy Enterprises, Inc., is denied.

DATED at Denver, Colorado, on June 26, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

---

these same cross-claims against Abuagina.